482 So.2d 824 (1986)
Joan S. OURSO
v.
Robert J. OURSO, Jr.
No. CA-3683.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Writ Denied March 14, 1986.
Floyd J. Reed, Reed & Reed, New Orleans, for plaintiff-appellee.
James D. Davis, James D. Davis, Ltd., Alexandria, Joan B. Montero, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff/appellee, Joan Stuart Ourso, initiated this action by bringing several rules against her former husband, defendant/appellant, Dr. Robert J. Ourso, Jr. The trial court awarded plaintiff $13,355.00 in past due alimony, and child support, $700.00 monthly alimony and $1,500.00 in attorney's fees, along with interest and costs. *825 From this decision, Dr. Ourso brings this appeal.
FACTS
On April 26, 1971, Mrs. Ourso was granted a divorce. In the decree, Mrs. Ourso was awarded custody of the three minor children and Dr. Ourso was ordered to make monthly payments of $1,000.00 representing alimony and child support. The payments were reduced subsequently to $800.00 monthly on April 11, 1975.
The instant litigation involves three rules filed by the parties. Mrs. Ourso filed a rule, in proper person, on February 24, 1984, seeking custody of their minor daughter, Jessica, who was then residing with her father in Alexandria. She also requested an increase in child support and alimony.
Dr. Ourso answered by filing a rule for a termination or reduction in alimony. Dr. Ourso later filed an amending petition wherein he stated that the April 11, 1975 judgment had been modified by a contradictory rule on March 30, 1983, which had reduced the alimony payments to $300.00 and terminated the child support obligations.
On the morning of the trial, June 6, 1984, Mrs. Ourso filed the third rule to make past due alimony and child support payments executory, and requesting legal interest from the due date of each payment, and attorney's fees and costs. Although Dr. Ourso was not served this rule until the morning of trial, he agreed to try the rule together with the others pending before the court.
Mrs. Ourso testified that under the terms of the April 11, 1975 judgment, Dr. Ourso was in arrears $21,155.00. The amount was determined by calculating Dr. Ourso's obligations from April, 1975 to May 11, 1984 (108 months times $800.00 monthly), totalling $86,400.00, less $65,245.00, the amount which she stated Dr. Ourso had paid. Mrs. Ourso introduced into evidence Dr. Ourso's personal income tax withholding statement indicating an income of $60,976.00 and an estimate of her monthly expenses listed as $2,710.00. The only evidence introduced by Dr. Ourso were checks made out to Mrs. Ourso, totalling $8,790.00.
Both parties assigned three assignments of error. Each contests the trial court's award of $13,355.00 for past due alimony and child support, the award of $700.00 monthly alimony, and $1,500.00 attorney's fees; Dr. Ourso arguing that the amounts are excessive and Mrs. Ourso contending they are insufficient. Dr. Ourso further maintains that the trial court erred by denying his motion for a new trial. Mrs. Ourso does not contest the custody award.
DENIAL OF MOTION FOR NEW TRIAL
Dr. Ourso argues that the trial court erred by denying his motion for a new trial, citing La.C.Civ.Pr. art. 1972, because he now has documentary evidence which demonstrates that he has made payments totalling $81,881.00 to Mrs. Ourso. He maintains that since he was not served the rule to make past due alimony and child support payments executory until the morning of the trial, he was deprived of the opportunity to present the evidence he now wishes to introduce into the record.
La.C.Civ.Pr. art. 1972 provides:
"A new trial shall be granted, on contradictory motion of any party, in the following cases: (1) when the verdict or the judgment appears clearly contrary to the law and the evidence; (2) when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence have obtained before or during the trial."
Under Section (2), the only inquiry is one of "diligence." Succession of Budwah, 441 So.2d 39 (La.App. 3d Cir.1983); Blount v. Exxon Corporation, 395 So.2d 355 (La. App. 1st Cir.1981). The mover must affirmatively establish reasons why he should be excused for his failure to present evidence at the trial by showing either that the evidence did not exist at the time of the trial, or that he could not have discovered or presented the evidence despite his best efforts.
*826 In the present case, Dr. Ourso was served with the rule on the day of the trial. Had the judge demanded the parties proceed over Dr. Ourso's objection that he was not prepared to contest the rule due to the short notice, then we would agree that a new trial would be proper. But the record indicates that the trial judge did offer to postpone the proceeding. Dr. Ourso, instead, opted to continue by stating "I don't think you can win it, but I am prepared to try it today." It was Dr. Ourso's decision to proceed, and he thereby implicitly waived his right to later contest the lack of sufficient notice. Thus, it was proper for the trial judge to deny Dr. Ourso's motion for a new trial because adequate grounds did not exist under Article 1972 to grant a new trial. The recapitulation of payments to Mrs. Ourso, therefore, offered by Dr. Ourso forms no part of the record and is not before this court. Succession of Budwah, supra; Blount v. Exxon Corporation, supra.
ALIMONY AWARD
Each party contends the trial court erred in establishing alimony at $700.00 per month. Dr. Ourso's position is that Mrs. Ourso has failed to establish a change in circumstances since March 30, 1983, at which time he maintains that a $300.00 alimentary obligation was established. The judgment referred to is a rule heard by Judge DiRosa where counsel for both parties stipulated to $300.00 monthly alimony, terminated child support payments and awarded custody of the couple's two daughters to Dr. Ourso. The judgment, however, was not signed until May 25, 1984, after Mrs. Ourso's rule had been filed, and then, erroneously by Judge Roberts.
Subject to certain exceptions, every final judgment shall be signed by the trial judge. La.C.Civ.Pr. art. 1911. "Judge" is understood to mean the judge who presided at the trial. Ledoux v. Southern Farm Casualty Insurance Company, 337 So.2d 906 (La.App. 3d Cir.1976). Until the judgment is signed by the judge who conducted the trial, there is no final judgment.
The May 25, 1984, judgment relied upon by Dr. Ourso has never been finalized because it requires the signature of Judge DiRosa who conducted the March 30, 1983 proceeding. Although it does appear that the judgment was erroneously signed by Judge Roberts, Dr. Ourso cannot complain because he waited well over a year after the March 30, 1983, trial before submitting the judgment to the court for the judge's signature. Thus, it is unnecessary for Mrs. Ourso to show a change in circumstances to be entitled to a $400.00 increase of alimony in the span of two years. We, instead, analyze her change in circumstances since the last definitive judgment which was rendered in April, 1975.
We now address Mrs. Ourso's argument that the trial court erred in failing to consider income from Dr. Ourso's professional medical corporation in calculating his ability to pay. Mrs. Ourso cites Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir. 1979), for her proposition that Dr. Ourso's lack of candor justifies that we look beyond the tax returns in establishing his income.
We do not find it necessary to delve any further into Dr. Ourso's financial condition because the trial court did take into consideration the income derived from Dr. Ourso's professional medical corporation.
Turning to the correctness of the trial court's award of $700.00 monthly alimony, we can find no abuse of discretion in the figure reached by the trial court. A party who seeks a modification of any alimony award must show a change in circumstances of one of the parties from the time when alimony is fixed. Gibson v. Gibson, 464 So.2d 914 (La.App. 4th Cir. 1985); Green v. Green, 432 So.2d 959 (La. App. 4th Cir.1983). The burden of proof is on the party seeking a modification, and absent sufficient proof showing a change in circumstances, the previous judicially established alimony award will not be disturbed. Dr. Ourso has failed to offer sufficient evidence to sustain his burden of *827 proof that alimony should be reduced or terminated.
In the area of domestic relations, the findings of the trial court are to be afforded very substantial weight upon review, and we will not disturb those findings unless they are clearly wrong. Pearce v. Pearce, 348 So.2d 75 (La.1977); Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir. 1984). We find $700.00 monthly alimony as established by the trial court to be reasonable and for similar evidentary reasons, Mrs. Ourso is not entitled to an increase from this award.
ALIMONY AND CHILD SUPPORT ARREARAGES
Each party contests the trial court's award making $13,355.00 for past due alimony and child support payments executory. Dr. Ourso relies upon documentation introduced in his motion for a new trial and an agreement he entered into with Mrs. Ourso on October 24, 1981, compromising the original arrearages that he owed Mrs. Ourso up to that date.
In determining the correctness of the trial court's award, we, as was the trial judge, are presented with a record woefully deficient of evidence showing what payments have been made and in what amounts. As we stated in upholding the denial of a motion for a new trial, we can not consider the recapitulation offered by Dr. Ourso. Furthermore, even if the arrearages were properly made current in the October 24, 1981 compromise, there is no evidence of payments from that point until the present except a few checks introduced by Dr. Ourso totalling $8,790.00. The testimony of Mrs. Ourso is the sole basis for determining what amounts are due. Although it would be preferable for us to have documentation in assessing the award, we must accept her testimony because Dr. Ourso failed to produce any evidence in rebuttal. We uphold the trial court's award making $13,355.00 in alimony and child support arrearages executory.
Encompassed in this award are arrearages which may have accrued from the filing of the rule on June 6, 1984, so that all arrearages be brought up to date. Wicker v. Wicker, 373 So.2d 210 (La.App. 4th Cir. 1980). Judgment interest is owing on each past due alimony installment from the due date of each installment until paid. Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir.1980).
ATTORNEY'S FEES
The amount of attorney's fees to be awarded is a matter within the sound discretion of the trial judge. La.R.S. 9:305; Manuel v. Manuel, 443 So.2d 729 (La.App. 4th Cir.1983). In view of the facts of this case, $1,500.00 in attorney's fees does not constitute an abuse of discretion. Furthermore, we also award Mrs. Ourso an additional sum of $1,000.00 in attorney's fees with costs of this appeal to be borne by Dr. Ourso.
For the foregoing reasons, the trial court's denial of a motion for a new trial is affirmed. The award of $700.00 monthly alimony in favor of Mrs. Ourso is affirmed. The trial court's award making $13,355.00 in alimony and child support arrearages executory is affirmed with legal interest on each past due alimony payment from the due date of each installment until paid. Judgment is rendered in favor of Mrs. Ourso against Dr. Ourso for any arrearages that may have accrued since the time of the filing of her rule. We also uphold the trial court's assessment of $1,500.00 in attorney's fees against Dr. Ourso in favor of Mrs. Ourso and also award Mrs. Ourso an additional sum of $1,000.00 in attorney's fees, for cost of this appeal, with costs to be borne by Dr. Ourso.
AFFIRMED.
CIACCIO, J., concurs without reasons.