JiSCHOTT, Chief Judge.
The State of Louisiana has appealed from judgments rescinding previous judgments ordering the forfeiture of bonds posted by Allegheny Mutual Insurance Company to guarantee the appearance of defendant, George W. Stills, in these proceedings.
*317 Defendant was charged with distribution of and possession with intent to distribute cocaine. Bail was set at $50,000 which he posted with Allegheny as surety. On October 12, 1990, the defendant failed to appear for arraignment and on October 31 he failed to appear for a bond forfeiture hearing whereupon the court ordered forfeiture of the bond against defendant and his surety, Allegheny.
The presiding judge, George Perez, failed to sign a judgment decreeing the forfeiture. His term of office expired when Judge Calvin Johnson took office in January 1991, ánd on February 20, 1991, Judge Johnson signed a judgment of bond forfeiture in the amount of $35,000. On April 8,1991, another judgment of bond forfeiture was purportedly signed by Judge Johnson, this one for $50,000, and back dated to October 31, 1990. On July 18, 1991, the State again moved to forfeit the bond and secured one more judgment of ^forfeiture against Allegheny for $50,000 on this date. On May 11, 1993, the trial court granted Allegheny’s motions to rescind these judgments and from these judgments the State has perfected the present appeal.
LSA-R.S. 15:85 as written at the time of these events provided that upon the failure of a defendant to appear in court when required to do so, on motion of the State and following a hearing, the judge “shall forthwith enter a judgment decreeing the forfeiture_” The statute further provided that failure to mail “the proper notice [of the judgment to the surety] within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.”
The first question is whether the judgment of April 8, 1991, signed by Judge Johnson forfeiting Allegheny’s $50,000 bond was valid. Since a bond forfeiture is a civil proceeding we look to the Code of Civil Procedure for the answers. This April judgment was an attempt to correct the February 20, 1991, judgment of forfeiture which mistakenly was for $35,000. A final judgment may be amended at any time to alter phraseology or to correct an error of calculation but not the substance of the judgment. C.C.P. art. 1951. An increase of the judgment against Allegheny from $35,000 to $50,000 constituted a substantial amendment far beyond what this article permits.
In any event, the February 20, 1991, judgment itself was invalid in the first instance. The hearing on the State’s motion to forfeit the bond was held on October 31, 1990. Judge George Perez heard the evidence and orally rendered judgment at the conclusion of the trial. He never signed a judgment, and, conversely, Judge Johnson never conducted a hearing, but signed a judgment in an attempt to finalize and formalize Judge Perez’s decision. To be valid a judgment must be signed by the judge who presided at the trial. C.C.P. art. 1911, Ourso v. Ourso, 482 So.2d 824, 826 (La.App. 4th Cir.1986), writ \sdenied, 484 So.2d 139. The exception to this rule provided for by R.S. 13:4209 is not applicable to this case. Consequently, the judgments of April 8 and February 20, 1991, were properly rescinded because they were invalid.
As to the July 1991 judgment the record does not disclose how this came about, but it must have been a belated attempt to fix this broken record and finally produce a valid judgment at last. The problem is that it came too late. The State commenced these forfeiture proceedings in October 1990. In order to comply with R.S. 15:85(A)(l)(a) the court had to enter a valid judgment forthwith and afford the surety with adequate notice. As in State v. DeLaRose, 391 So.2d 842 (La.1980) the delay in the present case of almost nine months between commencement of the proceedings and entry of the July 18 judgment resulted in the discharge of the surety.
Accordingly, the judgments appealed from are affirmed.

AFFIRMED.