743 So.2d 870 (1999)
BANKERS INSURANCE COMPANY, Plaintiff-Appellee,
v.
STATE of Louisiana, and The Office of the District Attorney for the Fourth Judicial District, Jerry L. Jones, District Attorney, Defendant-Appellant.
No. 32,460-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Earl Cox, Asst. Dist. Atty., Counsel for Appellant.
William Noland and Gregory K. Voigt, New Orleans, Counsel for Appellee.
Before NORRIS, BROWN and PEATROSS, JJ.
NORRIS, Chief Judge.
The State appeals a 1999 judgment nullifying a 1996 judgment of bond forfeiture against Bankers Insurance Company. For the reasons expressed, we vacate and remand.
In March 1995 Bankers, a commercial surety, issued a bond in the amount of $15,000 to secure the appearance of a criminal defendant, Kenneth Hardage, in extradition proceedings in the Fourth Judicial District Court. Hardage failed to appear for a status and extradition hearing *871 set for April 24, 1996. After a brief hearing, Judge Robert W. Kostelka ordered a judgment of bond forfeiture and issued a bench warrant for Hardage's arrest. On May 8 the order was reduced to written judgment; however, it was signed by Judge John R. Harrison, "for Judge Robert W. Kostelka, Fourth Judicial District Court."
In September 1998 Bankers filed the instant petition to nullify the judgment of bond forfeiture. It asserted two grounds: insufficient evidence that notice of the April 24, 1996 hearing had been sent to Hardage and to Bankers, La.C.Cr.P. art. 334 and La. R.S. 15:85; and the judgment was not signed by the same judge who tried the case and heard the evidence, La. C.C.P. art.1911. At trial in November 1998 the State showed, and the District Court found, that notice of the April 24, 1996 hearing had been timely and properly mailed on March 22.
The court further found that on April 24, 1996 Judge Kostelka received the evidence and rendered judgment in open court, but this judgment was later signed by Judge Harrison on May 8. The court quoted art. 1911, which states that every final judgment "shall be signed by the judge"; and cited La. C.C.P. art.1918, Official Revision Comment (c), which states that art.1911 "require[s] that the judgment be signed by the trial judge, with certain exceptions," and jurisprudence utilizing art.1911 to nullify judgments.[1] The court concluded that "only the judge who presided at the hearing can sign the resulting judgment," and that this error was a fatal defect which could not be corrected by the trial court. The court therefore annulled the judgment of bond forfeiture, and from this action the State has appealed.
The State's sole assignment of error is that the judgment of bond forfeiture was not a nullity. The State urges there was nothing unreasonable or erroneous about allowing Judge Harrison to sign a judgment that had been already rendered by Judge Kostelka; this, it argues, distinguishes the case from those in which a matter was taken under advisement, the presiding judge retired, and then his successor in office rendered judgment. Ledoux v. Southern Farm Bureau Ins. Co., 337 So.2d 906 (La.App. 3 Cir.1976); State v. Stills, 93-1570 (La.App. 4 Cir. 8/30/94), 642 So.2d 316, writ denied 94-2448 (La.1/13/95), 648 So.2d 1338; Ourso v. Ourso, 482 So.2d 824 (La.App. 4 Cir.), writ denied 484 So.2d 139 (1986). The State further urges that in every such nullity case, the appellate court remanded the matter to allow the proper judge to sign the judgment.
Bankers urges that the District Court correctly applied art.1911 and that the jurisprudence, particularly State v. Stills, supra, requires the judgment of bond forfeiture to be signed by the same judge who heard the evidence.
The forfeiture and collection of appearance bonds is regulated by La. R.S. 15:85. Prior to a 1993 amendment, this statute stated in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the State of Louisiana or an agent of such company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing *872 the forfeiture of the bond. * * * After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture * * * to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. * * * Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. (Emphasis added.)

Further, the district attorney was required to record the judgment if, within 24 hours after rendition, a judgment of forfeiture had not been paid. R.S. 15:85 A(2)(a). The statute made no specific reference to the signing of a final judgment of bond forfeiture; instead, it directed the judge to enter a judgment, and the D.A. to record it if not paid within 24 hours after rendition. Nevertheless, in State v. Stills, supra, the court applied the rule of art.1911, rescinding a judgment of bond forfeiture at least in part because the judge who heard the evidence and rendered oral judgment was not the same judge who later signed the judgment.
In 1993 the legislature revised R.S. 15:85 as part of an effort that broadly amended and reenacted the state's bail bond laws, commonly referred to as the Bail Bond Reform Act. See Banker's Ins. Co. v. Kemp, 96 0469 (La.App. 1 Cir. 12/20/96), 686 So.2d 111. The statute now provides, in pertinent part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge * * * shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond * * *.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture. * * *
(4) Recordation of judgment. After mailing notice of the signing of a judgment of bond forfeiture, the district attorney shall cause the judgment to be recorded in every parish in which he thinks the recordation is proper. * * *
(9) Nullity actions. Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. Not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
(Emphasis added)
The amendment also reduced the time for mailing notice of judgment to the surety from six months to 60 days. See former R.S. 15:85 A(1)(a); amended R.S. 15:85(3)(c). Failure to mail notice within the prescribed time still releases the surety from all obligations under the bond.
In brief the State cites the change in terminology which formerly required the "judge" to enter judgment, but now allows the "court" to sign a written judgment. The State argues that this proves a legislative intent for judgments of bond forfeiture to be signed by any member of the court, not just the judge who ordered judgment. It further argues that this change is reasonable, given the significantly shorter period for sending notice of judgment, reduced from six months to 60 days.
Laws on the same subject matter must be construed in pari materia. La. C.C. art. 13. The amendment to R.S. 15:85 removed rather ambiguous references to entry and rendition of judgment, replacing them with a clear requirement for a signed, written judgment of bond forfeiture. The amendment also allows the judge to issue an arrest warrant immediately, without first signing a judgment. This obviously permits the court to obtain *873 the defendant's presence without initiating all legal procedures for bond forfeiture; if the defendant is promptly brought to court, the order for judgment of bond forfeiture can be recalled. Given this reasonable interpretation, we do not accept the State's theory that the amendment to R.S. 15:85 contemplates that any judge other than the one ordering a judgment of bond forfeiture may sign it. R.S. 15:85 is still consistent with art.1911; signature by the proper judge is still required for purposes of prescription, execution and all other rights. Malbrough v. Kiff, 312 So.2d 915 (La.App. 1 Cir.1975).[2] Thus the District Court was not plainly wrong to find that Judge Kostelka's failure to sign the judgment of bond forfeiture was a defect.
The nullity of bond forfeiture judgments is regulated by La. C.C.P. arts. 2001, et seq. La. R.S. 15:85(9). Article 2002 delineates the exclusive grounds for the absolute nullity of final judgments. Succession of Mizell, 97 0127 (La.App. 1 Cir. 2/20/98), 708 So.2d 805, writ denied 98-1056 (La.5/29/98), 720 So.2d 670; art. 2002, Official Rev. Comm. (e). Bankers has not alleged, and the record does not show, that any of these exclusive formal grounds is present.[3] Thus the claim can only be one of relative nullity, La. C.C.P. art.2004. Under this article, a final judgment may be annulled when "obtained by fraud or ill practices." Ill practice is not limited to cases of actual fraud or wrongdoing, but is broadly defined to encompass all situations in which a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. Russell v. Illinois Cent. Gulf R., 96-2649 (La.1/10/97), 686 So.2d 817; Homer Nat'l Bank v. Nix, 566 So.2d 1071 (La.App. 2 Cir.1990). A judgment will be annulled for ill practices only when the circumstances under which it was rendered show the deprivation of legal rights of the litigant who seeks relief, and when enforcement of the judgment would be unconscionable and inequitable. Kem Search Inc. v. Sheffield, 434 So.2d 1067 (La.1983); McKinney Saw & Cycle v. Barris, 626 So.2d 786 (La.App. 2 Cir.1993).
Since the instant bond forfeiture judgment suffers from no formal defects or fraud, Bankers has alleged at most that it resulted from an ill practice, as that phrase is broadly defined. The judgment may be nullified only if the procedure by which it was obtained deprived Bankers of its legal rights and if enforcing it would be unconscionable and inequitable. Kem Search Inc. v. Sheffield, supra. The instant record provides no evidence that enforcing the judgment would meet these criteria. Bankers has not asserted that it did not receive notice of the bond forfeiture judgment, or that its ability to satisfy the judgment (either by securing Hardage's appearance or surrendering the bond) has been impaired. Bankers argued, and the District Court held, that proof of any defect resulted in automatic nullity.
Rather than reverse the District Court's judgment of nullity and reinstate the judgment of bond forfeiture, we remand the case to give Bankers an opportunity to show whether it is entitled to a judgment of nullity under La. C.C.P. art.2004, that enforcement of the judgment of bond forfeiture *874 would be inequitable or unconscionable because of the ill practices shown.[4]
For these reasons, the judgment nullifying the original judgment of bond forfeiture is vacated and set aside. The matter is remanded to the District Court for further proceedings in accord with La. C.C.P. art.2004. Costs are assessed to the appellee, Bankers Insurance Company.
VACATED AND REMANDED.
NOTES
[1] None of these cases involved judgments of bond forfeiture. See, Darensbourg v. Great Atlantic & Pac. Tea Co., 94 0761 (La.App. 1 Cir. 11/9/95), 665 So.2d 35; Louisiana Paving Co. v. St. Charles Parish Pub. Schools, 593 So.2d 892 (La.App. 3 Cir.1992); Ledoux v. Southern Farm Bureau, infra.
[2] There is no appeal from a judgment that has not been signed, or not properly signed. State ex rel. Poche v. Police Jury of St. James Parish, 236 La. 757, 109 So.2d 83 (1959); Louisiana Fuel Supply Co. v. Gunter, 230 So.2d 660 (La.App. 2 Cir.1970); State v. Delaney, 93-522 (La.App. 5 Cir. 1/12/94), 631 So.2d 19. The instant appeal is valid as it comes from the judgment of nullity, not from the unsigned judgment of bond forfeiture.
[3] "A final judgment shall be annulled if it is rendered: (1) Against an incompetent person not represented as required by law. (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken. (3) By a court which does not have jurisdiction over the subject matter of the suit." La. C.C.P. art. 2002 A.
[4] In State v. Stills, supra, a Judge Perez had heard the evidence and entered oral judgment of bond forfeiture, but a Judge Johnson later signed the judgment. In addition to showing this violation of La. C.C.P. art.1911, the surety proved a discrepancy between the oral and the written judgment: the amount of the forfeiture had been raised from $35,000 to $50,000. This is an example of prejudice that may result from allowing a different judge to sign the judgment.