I /THIBODEAUX, Judge.
Appellant, Ranger Insurance Company (“Ranger”), appeals the judgment of the trial court signed April 19, 2002, dismiss *862 ing Ranger’s Petition for Nullity of Judgment of Bond Forfeiture and Motion for Discharge and Release of Surety. Prior to Ranger filing its Petition, a bench warrant was issued and bond forfeiture ordered against the defendant, Thomas J. Johnson, for failure to appear in court for sentencing. Ranger sought to annul the trial court’s judgment arguing that its obligation, as surety, was extinguished by operation of law on October 17, 1997, upon the conviction of the defendant and before the judgment of bond forfeiture was ordered. Ranger asserts that the judgment of bond forfeiture is absolutely null. We disagree. We find that Ranger failed to allege grounds which would permit an action for nullity pursuant to Louisiana Code of Civil Procedure articles 2002 and 2004. Further, Ranger’s cause of action was extinguished for failure to assert the action within the one-year peremptive period required under this statute. As a result, we find that Ranger’s cause of action no longer exists.
I.

ISSUES

Issues of Ranger Insurance Company as Appellant
Appellant sets forth the following issues for our review:
1) whether the trial court erred in failing to render a judgment of bond forfeiture on January 16, 1998, January 20, 1998, February 25, 1998, or April 7, 1998?
2) whether the trial court erred when it failed to recognize that the requirements of La.R.S. 15:85 were not followed on January 16, 1998, January 20, U1998, February 25, 1998 or April 7, 1998, releasing the surety from all obligations under the bond?
3) whether the trial court erred in rendering a judgment of bond forfeiture on February 11, 1999, when the surety had been released from all obligations under the bond?
4) whether the trial court erred in denying appellant’s Petition for Nullity of Judgment and Motion for Discharge and Release of Surety?
We find it unnecessary to address the above issues. We recognize on our own motion an exception of no cause of action under La.Code Civ.P. art. 927 and dismiss this action based on peremption.
Issues of State of Louisiana as Appellee
Whether Mr. Johnson received timely notice of judgment following the rendition and signing of the judgment of bond forfeiture on February 11, 1999? If so, the State urges three peremptory exceptions of no cause of action, liberative prescription, and res judicata, objecting to Ranger’s suit and the filing of its petition.
II.

FACTS

Thomas J. Johnson was arrested in Beauregard Parish for violation of La.R.S. 40:967(A)(1), possession with intent to distribute methamphetamine. On February 13, 1997, Mr. Johnson bonded out of the Beauregard Parish jail, executing a criminal bail bond, with appellant, Ranger, as surety. On October 17, 1997, Johnson pled guilty to the charge, and sentencing was deferred to a later date. On December 8,1997, the trial judge sua sponte filed an order setting the sentencing date for December 19,1997.
|4On December 19, 1997, defense counsel filed a motion to continue the sentencing hearing for January 16, 1998. However, notice was not served on Mr. Johnson or Ranger. Further, sentencing was refixed *863 for January 20, 1998. Again, no notice was given to the defendant. Failure to provide notice to Mr. Johnson occurred on several occasions thereafter. As a result, the State chose not to seek bond forfeiture at any of the hearings in which the defendant or its surety failed to receive notice.
On February 11, 1999, Mr. Johnson failed to appear for sentencing, and a bench warrant was issued for his arrest by the trial court. Additionally, the State sought a judgment of bond forfeiture against the defendant and his surety. Evidence was provided that Mr. Johnson had received proper notice of this sentencing hearing; however, the defendant failed to appear. Notice of the judgment of bond forfeiture issued on this date was served on the defendant and his surety.
On February 19, 2002, Ranger filed a petition for nullity of the bond forfeiture. Ranger argued that its obligation as surety was extinguished when the defendant was convicted. On April 3, 2002, the trial court denied appellant’s petition for nullity, and the State’s peremptory exceptions were pretermitted and not decided on that date.
Ranger now appeals the judgment of the trial court rendered on April 3, 2002, and signed as final judgment on April 19, 2002.
III.

LAW AND DISCUSSION

The applicable statute for bond forfeiture proceedings is La.R.S. 15:85:
All bonds taken to secure the appearance of any person before any court, executed in the state of Louisiana shall be forfeited and collected as follows:
ls(l) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant’s failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture.
[[Image here]]
The nullity of bond forfeiture judgments is regulated by La. C.C.P. arts. 2001, et seq. La.R.S. 15:85(9). Article 2002[1] delineates the exclusive grounds for the absolute nullity of final judgments. [Ranger] has not alleged, and the record does not show, that any of these exclusive formal grounds is pres *864 ent.[2] Thus the claim can only be one hof relative nullity, La. C.C.P. art.2004.[3] Under this article a final judgment may be annulled when “obtained by fraud or ill practices.” Ill practice is not limited to cases of actual fraud or wrongdoing, but is broadly defined to encompass all situations in which a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. A judgment will be annulled for ill practices only when the circumstances under which it was rendered show the deprivation of legal rights of the litigant who seeks relief, and when enforcement of the judgment would be unconscionable and inequitable.
(Citations omitted). Bankers Ins. Co. v. State, 32,460, p. 5 (La.App. 2 Cir. 10/27/99); 743 So.2d 870, 873.
Article 2004 requires that an action for nullity based on fraud or ill practices is subject to one-year peremption, as designated in the caption to the article. “[T]he general rule is that if the statute creating a cause of action also provides the time period for exercise of the right created, the time period is peremptive.” Davis v. Sewerage and Water Bd. of New Orleans, 469 So.2d 1144, 1146 (La.App. 4 Cir.1985).
We find that the appellant’s petition for nullity was filed long after the one-year peremptive period.
The Louisiana Civil Code defines per-emption as a “period of time fixed by law for the existence of a right.” La. C.C. art. 3458. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. [Pjeremption need not be pleaded and may befysupplied by a court at any time. La. C.C. art. 3460. Most significantly, however, peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461 ... [Pjeremption [has the effect of) destroyfingj the right it-selfi.j
State Through Div. of Admin. v. McInnis Bros. Const., 97-0742, p. 2 (La.10/21/97); 701 So.2d 937, 939.
The prescriptive period began on the date in which the notice of bond forfeiture judgment was mailed to the defendant and his surety. The bond forfeiture judgment was signed on February 11, 1999, and mailed to Mr. Johnson and Ranger on February 18, 1999. Appellant did not file his petition for nullity until February 19, 2002, almost three years to the date the bond forfeiture judgment was ordered. As a result, the appellant’s action for nullity was perempted, and its cause of action destroyed due to peremption.
Further, this court finds that the appellant faded to allege fraud or ill practice in its petition pursuant to Article 2004. Louisiana Code of Civil Procedure article 1005 *865 requires that an allegation of fraud be pled with particularity. The record does not indicate that this requirement was met. Also, there is no evidence that the judgment was obtained through ill practices. The appellant has not asserted in its petition that procedurally the judgment was “obtained [to] [deprive] [Ranger] of its legal rights and ... enforcing it would be unconscionable and inequitable,” Bankers, 743 So.2d at 873. For the above reasons, Ranger cannot assert an action for nullity when its claim was perempted. Additionally, Ranger’s petition lacks the formal grounds for nullity as provided in Articles 2002 and 2004.
State’s Peremptory Exceptions
The State urges three peremptory exceptions of no cause of action, prescription, and res judicata to Ranger’s petition and suit. The State argues that |sRanger has no cause of action, alleging neither a vice of form nor a vice of substance in its petition for nullity. Further, the State asserts that Ranger’s claim has prescribed because the petition was filed beyond the one-year peremptive period.
We agree. Accordingly, we grant the State’s exceptions of no cause of action and prescription.
As stated earlier, none of the grounds for nullity under Articles 2002 and 2004 exists in Ranger’s petition. Proper evidence was entered into the trial record that both Mr. Johnson and Ranger were served with notice of the February 11, 1999 hearing though Mr. Johnson failed to appear, and bond forfeiture was properly ordered. Additionally, Ranger fails to allege that the trial court judgment was obtained through fraudulent or ill practices. Most important, appellant’s action for nullity is prescribed by the liberative prescription period of one year set forth in Article 2004. Thus, the State’s exceptions of no cause of action and liberative prescription are granted.
Additionally, the State asserts that the doctrine of res judicata is applicable in this case. According to the State, a final judgment was rendered on the petition for nullity. On February 11, 1999, the trial court issued an order of bond forfeiture which was mailed to Mr. Johnson and Ranger on February 18, 1999. Ranger failed to assert any defenses or actions for nullity within 60 days from the mailing of the notice of the signing of judgment as required under La.R.S. 15:85(5) and (9).
(5) Summary Proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture.
[[Image here]]
|fl(9) Nullity Actions. Nullity actions pursuant to Code of Civil Procedure Art.2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
Appellant had sixty days from February 18, 1999 to file a summary proceeding and raise the defenses set forth in the petition for nullity, yet failed to do so. Thereafter, Ranger’s only alternative is to raise the action for nullity in an ordinary civil proceeding pursuant to La.R.S. 15:85. Appellant also had (as defenses) seven days from the mailing of the notice of the signing of judgment to request a motion for new trial and sixty days after to file a devolutive appeal; however, Ranger failed to do so. For these reasons, the judgment of bond forfeiture rendered on February 11, 1999, became a final judgment and the exception of res judicata is granted.
*866 IV.

CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. We reach the same conclusion as the trial court, albeit on different grounds. We grant the State of Louisiana’s exceptions of no cause of action, prescription, and res judicata. Costs of this appeal are taxed against the appellant, Ranger Insurance Company.
AFFIRMED.

. Art.2002. Annulment for vices of form; time for action.
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3)By a court which does not have jurisdiction over the subject matter of the suit. B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

. Ranger may argue that the State failed to notify the defendant on several occasions the date in which he must appear for sentencing; however, notice was given to Mr. Johnson and Ranger to appear for the February 11, 1999 hearing. This notice was critical since this was the hearing in which the bond forfeiture was issued. Ranger cannot assert under Article 2002(2) of the Louisiana Code of Civil Procedure that defendant was not properly served notice of this hearing.

. Art.2004. Annulment for vices of substance; peremption of action
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practice.
C. The court may award reasonable attorney fees incurred by the prevailing party in action to annul a judgment on these grounds.