JUDE G. GRAVOIS, Judge.
|2Appellant, Safety National Casualty Corporation (Safety), appeals the trial court’s judgment rendered on April 17, 2009 denying its Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. For the following reasons, we vacate the trial court’s judgment of April 17, 2009 denying Safety’s Motion to Set Aside and remand this matter for the signing of a proper judgment.

FACTS AND PROCEDURAL BACKGROUND

The record reflects that the defendant, Demarco R. Washington, was charged on March 6, 2007 by bill of information with a violation of LSA-R.S. 14:95.1, felon in possession of a firearm. On October 9, 2007, Safety, through its agent, # 1 Bail Bonds, executed an appearance bond with Mr. Washington as principal. Mr. Washington failed to appear for a hearing as noticed on May 27, 2008. On May |:i30, 2008, Mr. Washington appeared in court. At that hearing, the trial court reset Mr. Washington’s case for trial on June 18, 2008.
On June 18, 2008, because Mr. Washington failed to appear in court, the trial court issued an attachment for his arrest. The *857 State then made an oral motion for forfeiture of Mr. Washington’s bond. The bond forfeiture hearing was held on that date. According to the minute entry in the record, the State presented at least one witness, a deputy clerk of court, at the bond forfeiture hearing. Following the hearing, because Mr. Washington failed to appear in court on that date, the trial court granted the bond forfeiture. A judgment to that effect was rendered and signed on that date. Notices of the signing of this judgment were mailed to all parties on June 24, 2008, per LSA-R.S. 15:85(3)(a).
Four months later, on October 29, 2008, Safety filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. This motion was filed as a summary proceeding in Mr. Washington’s criminal matter. This motion argued that Mr. Washington’s failure to appear in court on May 27, 2008 required the State to issue a notice to the surety or its agent (Safety or # 1 Bail Bonds, respectively) for Mr. Washington’s subsequent court date of June 18, 2008, as required by LSA-C.Cr.P. art. 344(B), and that the State had failed to issue such required notice to Safety or its agent. In an “amended” motion filed by Safety on December 3, 2008, Safety further argued that Mr. Washington failed to appear in court on June 18, 2008 because he was ill, a “nonforfeiture situation” under LSA-R.S. 15:87.
Safety’s Motion to Set Aside was briefly argued before Judge Regan, the trial judge, on January 16, 2009, whereupon Judge Regan took the matter under advisement. On January 29, 2009, the parties again appeared before Judge Regan, who, in open court, orally denied Safety’s Motion to Set Aside, ruling that the |4matter was “done properly.” A written judgment to that effect was signed by Judge Rowan on April 17, 2009. This timely appeal followed.
On appeal, Safety argues that the trial court erred in not finding that 1) the State was required to issue a notice to the surety of Mr. Washington’s court date as per LSA-C.Cr.P. art. 344(B); 2) the trial court erred in finding that the State, at the bond forfeiture hearing, had placed into evidence proof of notice to Safety, or to its Agent, for Mr. Washington’s June 18, 2008 court appearance date, as required by LSA-R.S. 15:85(1); and 3) the trial court erred in denying Safety’s Motion to Set Aside because the State failed to produce at the bond forfeiture hearing proper evidence of notice given to Safety, or its agent, of Mr. Washington’s June 18, 2008 court appearance date.
The State argues in brief that Safety’s Motion to Set Aside was untimely under LSA-R.S. 15:85(5) and (9). Regarding the merits of Safety’s argument, the State noted that the appellate record was incomplete in that it failed to include the return on the subpoena that established that Safety had in fact received notice of Mr. Washington’s June 18, 2008 court date. The State thereupon moved to supplement the appellate record with the return of such subpoena that appears in the district court record. This court granted the State’s motion to supplement the appellate record. The State argues that the supplemented appellate record shows that Safety was in fact served with proper notice of Mr. Washington’s June 18, 2008 court date.
In its reply brief, Safety opposed the granting of the State’s motion to supplement the appellate record, arguing that the return on the subpoena that the State sought to include in the appellate record was not, as required by LSA-R.S. 15:85(1), actually introduced into evidence by the State at the bond forfeiture hearing conducted on June 18, 2008. Safety further argues that the motion to set |saside the *858 bond forfeiture was timely, having been brought pursuant to LSA-C.C.P. arts. 2001-2004. Lastly, Safety argues that the April 17, 2009 written judgment that is the subject of this appeal is null and void because it was signed by a judge different from the judge who pi-esided over the hearing on the motion and who orally ruled on the matter in open court.

DISCUSSION

As indicated above, the record clearly shows that Safety’s Motion to Set Aside was argued to Judge Regan on January 16, 2009, who took the matter under advisement, and who orally denied the motion in open court on January 29, 2009. On April 17, 2009, the written judgment denying Safety’s Motion to Set Aside was, however, signed by Judge Rowan. Citing Louisiana Paving Co., Inc. v. St. Charles Parish Public Schools, 593 So.2d 892 (La.App. 5 Cir. 1992), Safety argues in its reply brief that the April 17, 2009 judgment signed by Judge Rowan denying its Motion to Set Aside is an absolute nullity because of the fact that it was signed by a judge (Judge Rowan) other than the judge who heard the motion, took the motion under advisement, and orally ruled on the motion (Judge Regan).
Safety’s argument on this issue has merit. LSA-C.C.P. art. 1911[1] has been held to require that the judge who heard the matter and took it under advisement is the judge who is required by law to sign the judgment, unless the law provides otherwise. Bankers Ins. Co. v. State, 32,460 (La.App. 2 Cir. 10/27/99), 743 So.2d 870, for example, held that a judgment of bond forfeiture must be signed by the same judge who ordered the bond forfeited. Though the judgment at issue here is on a motion to set aside a bond forfeiture, the situation here is very similar to that in Bankers. We have found no case or statute that suggests the law provides | (¡otherwise for the type of judgment under consideration here. As such, the April 17, 2009 judgment denying Safety’s Motion to Set Aside is an absolute nullity. This matter must accordingly be remanded to the trial court for the signing of a proper judgment.

CONCLUSION

For the above reasons, the trial court’s judgment of April 17, 2009 denying Safety’s Motion to Set Aside is hereby vacated. This matter is hereby remanded to the trial court for the signing of a proper judgment. All other issues raised in this appeal are hereby pretermitted.

JUDGMENT VACATED; REMANDED.

. LSA-C.C.P. art. 1911 provides, in pertinent part: Except as otherwise provided by law, every final judgment shall be signed by the judge....