657 So.2d 371 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Elizabeth Rene BREAUX (National American Insurance Company), Defendant-Appellant.
STATE of Louisiana, Plaintiff-Appellee,
v.
Rance O. WEST a/k/a Brian West (National American Insurance Company), Defendant-Appellant.
Nos. 94-1553, 94-1562.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
Robert Richard Bryant Jr., Frederick Wayne Frey, J. Clayton Culotta, Wayne F. McElveen, for State of La.
John Lavern, for Elizabeth Rene Breaux.
William Noland, for National American Ins. Co.
Karen L. Godwin, for State of La.
*372 Laura Jo Johnson, for Rance O. West a/k/a Brian West.
Before KNOLL and SULLIVAN, JJ., and BROUILLETTE[1], J. Pro Tem.
SULLIVAN, Judge.
These two consolidated cases involve criminal appearance bond forfeitures. These cases were consolidated on appeal along with three other cases: State v. Kirt Allen Esthay, 94-1557 (La.App. 3 Cir. 5/31/95), 657 So.2d 366 and State v. Robert Lynn Rosette, 94-1565 and 94-1566 (La.App. 3 Cir. 5/31/95), 657 So.2d 366. The Esthay and Rosette opinion is also being released on this date.
National American Insurance Company (National American), defendants' surety, filed petitions for nullity of bond forfeiture judgments, motions for discharge and release of surety, and requests for a stay order. Therein, National American urged that, because the state failed to comply with La.R.S. 15:85(3)(c) in not sending notice of the forfeiture judgment within 60 days of the defendants' first failure to appear for trial, the bond forfeiture judgments rendered in these cases are null ab initio. Furthermore, National American requested that it be discharged and released from all obligations under the bonds it issued to secure the defendants' release.
On September 23, 1994, the trial court conducted a hearing on this matter. Thereafter, the trial court ruled that, in sending notice of the bond forfeiture judgments, the state complied with the time requirement of La.R.S. 15:85(3)(c). National American's petitions were dismissed.
On appeal, National American contends that the trial court erred in denying its petitions for nullity of judgments and motions for discharge and release of the surety. Finding no error on the part of the trial court, we affirm.

FACTS
Defendants, Elizabeth Rene Breaux and Rance O. West, were indicted on August 13, 1992 on charges of distribution of cocaine. Breaux was indicted on one count, and West was indicted on three counts. Breaux and West were later arraigned, and each pled not guilty. Breaux's trial was initially fixed for January 25, 1993, and West's trial was initially fixed for March 29, 1993.
After several trial date continuances for various reasons, their trials were both set for September 13, 1993. Notices were sent to the defendants and National American. Both Breaux and West failed to appear on September 13, 1993. No action was taken by the state to obtain forfeiture of the bonds.
On October 1, 1993, the trial court reset defendants' trials for November 15, 1993. Notices were sent to the defendants and National American. Once again, they both failed to appear on that date. Trials were reset for November 17, 1993. The minutes of West's record for that date reveal that trial was ordered passed. The minutes of Breaux's record reveal that she failed to appear.
On January 12, 1994, the state moved to forfeit the bonds in these cases for defendants' failure to appear on November 15, 1993. A hearing was held on this matter. Calcasieu Parish Sheriff's Deputy Betty Owens testified that, on October 4, 1993, the sheriff's office mailed notice of the November 15, 1993 trials to the defendants and National American. The notices to defendants were returned marked, "moved, left no address."
The trial court conducted a bond forfeiture hearing on January 12, 1994. On presentation of the notices, the bonds and the power of attorney, the trial court issued a bench warrant for defendants' arrest and rendered separate judgments of bond forfeiture. Said judgments were signed on January 13, 1994. The record further indicates that, on January 14, 1994, the Calcasieu Parish Clerk of Court sent notices of the bond forfeiture judgments to the defendants, the surety, and the surety's *373 local agent by certified mail, return receipt requested.
On August 17, 1994, National American filed its present petitions for nullity of judgments, motions for discharge and release of the surety and requests for a stay order. The trial court held a hearing on this matter on September 23, 1994. At the hearing, National American argued that La.R.S. 15:85(3)(c) requires the state to send notice of the bond forfeiture judgments within 60 days after the defendant first fails to appear. National American contended that, since the defendants first failed to appear for trial on September 13, 1993, the notices of the bond forfeiture judgments were untimely sent on January 14, 1994. The state countered that the notices were properly sent within 60 days after the date of nonappearance upon which the bond forfeiture judgments are based.
The trial judge agreed with the state's position and denied the relief sought by National American.

OPINION
At the outset, we note that National American filed one assignment of error, to-wit: "The trial court erred in denying applicant's Petition for Nullity and Motion for Discharge and Release of surety." At trial, National American only argued that the notice violated La.R.S. 15:85(3)(c). In brief, National American argues this point again and additionally urges that the lack of timely notice to the surety violated its due process rights under the United States and Louisiana constitutions. We shall not address the constitutional question because National American did not raise it as an issue at trial. Taylor v. Giddens, 618 So.2d 834 (La.1993); Deville v. Budd Construction Co., 617 So.2d 570 (La.App. 3 Cir.), writ denied, 625 So.2d 180 (La.1993); State v. Albritton, 610 So.2d 209 (La.App. 3 Cir.1992).
La.R.S. 15:85 provides for the procedure necessary for the state to obtain a judgment of bond forfeiture when the defendant fails to appear as ordered. It provides pertinently as follows:

§ 85. Forfeiture; procedure; notice; and collection
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.

(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all the following:
(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
(ii) The personal sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
(iii) The agent or bondsman who posted the bond for the commercial sureties at the address designated pursuant to Code of Criminal Procedure Art. 322.
(iv) The commercial sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322. Notice to the commercial sureties shall include the power of attorney number used to execute the bond.
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the *374 clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond. (Emphasis ours.)
The state must strictly comply with the requirements of this statute in order to obtain a bond forfeiture judgment because such judgments are not favored in law. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La.1980). When a defendant fails to appear as ordered, it is solely within the state's discretion as to whether to move to forfeit the bond. It need not give the surety notice of defendant's nonappearance when it does not elect to forfeit the defendant's bond. State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95), 653 So.2d 127; State v. McCart, 627 So.2d 761 (La.App. 2 Cir.1993).
In the present case, the notices of bond forfeiture judgments were sent to the proper parties within 60 days of the defendants' nonappearance on November 15, 1993. La. R.S. 15:85(3)(c) contains no requirement that such notices be sent within 60 days of the defendant's first failure to appear. The notices must be sent within 60 days of the nonappearance date for which the state elects to move for forfeiture of the bonds.
We conclude that the state and the trial court properly complied with the notice requirements of La.R.S. 15:85(3)(c). Therefore, the trial court properly dismissed National American's petitions for nullity and motions for discharge and release of the surety.

DECREE
For these reasons, we affirm the judgment of the trial court. Costs of these appeals are assessed to National American Insurance Company.
AFFIRMED.
NOTES
[1] Judge Harold Brouillette of the Twelfth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.