JASULLIVAN, Judge.
These three consolidated cases involve criminal appearance bond forfeitures. They were also consolidated on appeal with State v. Elizabeth Rene Breaux, 94-1553 (La.App. 3 Cir. 5/31/95), 657 So.2d 371 and State v. Rance O. West, 94-1562 (La.App. 3 Cir. 5/31/95), 657 So.2d 371, for which we render a separate opinion this date.
The sole issue presented by these three eases is whether notice of judgment of forfeiture under the provisions of La.R.S. 15:85(A), as worded prior to June 22,1993, is required to be sent to the surety by certified mail, return receipt requested. The trial court answered this issue in the negative and denied American Bonding Company’s petitions for nullity of bond forfeiture judgment and motions for discharge and release of the surety. American Bonding Company asserts on appeal that this determination was erroneous.
We agree with American Bonding Company’s position. Accordingly, we reverse and order that the bond forfeiture judgments are null ab initio and that American Bonding Company is discharged and released from its obligations under the bonds.
These three eases were not consolidated at the trial level. However, they were heard and ruled upon by the same trial judge in one hearing held on August 3, 1994. For purposes of clarity, we shall present the facts of State v. Esthay and State v. Rosette separately.
U94-1557 State v. Kirt Allen Esthay
Defendant, Kirt Allen Esthay, was charged with simple battery by bill of information. American Bonding Company secured Es-thay’s release by posting a $2,500.00 appearance bond. On September 30, 1991, the Cal-casieu Parish Sheriffs Office sent notice of Esthay’s October 15, 1991 arraignment date to the defendant by regular mail and to American Bonding Company’s Lake Charles agent by certified mail, return receipt requested. The record indicates that American Bonding Company received the notice of arraignment on October 7, 1991.
Defendant failed to appear at the October 15, 1991 arraignment hearing. On October 17, 1991, the trial court conducted a bond forfeiture hearing. Upon hearing sufficient evidence of notice to the defendant and his surety, the trial court issued a bench warrant for Esthay’s arrest and rendered a $2,500.00 judgment of appearance bond forfeiture against Esthay, as principal, and American Bonding Company, as surety.
On October 24, 1991, Esthay appeared in court to answer the bench warrant. The trial judge accepted his explanation and ordered that the bench warrant be recalled and the bond forfeiture judgment be set aside.
After several continuances, trial was set for March 17, 1992. The Calcasieu Parish Sheriffs Office sent notice of the trial to Esthay by regular mail and to American Bonding Company’s Lake Charles agent by certified mail, return receipt requested. The record indicates that American Bonding Company received the notice of trial on February 6, 1992.
On March 17, 1992, the defendant failed to appear at trial. On motion of the assistant *368 district attorney and upon presentation of evidence of notice of trial, the trial court issued a bench warrant for Esthay’s arrest and rendered a $2,500.00 judgment 14of bond forfeiture against Esthay, as principal, and American Bonding Company, as surety. The judgment was signed on March 19, 1992. The Calcasieu Parish Clerk of Court mailed notice by regular mad of the bond forfeiture judgment to American Bonding Company in Davenport, Iowa on March 20, 1992.
On June 29, 1994, American Bonding Company filed a petition for nullity of bond forfeiture judgment and motion for discharge and release of surety.
94-1565 and 94-1566 State v. Robert Lynn Rosette
Defendant, Robert Lynn Rosette, was charged with remaining on premises after being forbidden and resisting arrest by separate bills of information. American Bonding Company secured his release by posting a $5,000.00 appearance bond. His trial was set for January 26, 1993. The Calcasieu Parish Sheriffs Office sent notices of trial to Rosette by regular mail and to American Bonding Company’s Lake Charles agent by certified mail, return receipt requested. The record indicates that American Bonding Company received the notice on December 10,1992.
Rosette did not appear for trial. On motion of the assistant district attorney and upon hearing of evidence of notice of trial, the trial judge issued a bench warrant for Rosette’s arrest and rendered a $5,000.00 bond forfeiture judgment against Rosette, as principal, and American Bonding Company, as surety. The trial court signed the judgment on February 1,1993, and the Calcasieu Parish Clerk of Court mailed notice of the bond forfeiture judgment by regular mail to American Bonding Company in Davenport, Iowa on February 3, 1993.
On June 29,1994, American Bonding Company filed petitions for nullity of bond forfeiture judgment and motions for discharge and release of the surety.
IsACTION OF THE TRIAL COURT
The trial court conducted a hearing on American Bonding Company’s petitions for nullity and motions for discharge and release on August 3, 1994. American Bonding Company argued that, due to the effect of La.R.S. 15:85(A)(l)(b), which defines the term “notice to the defendant,” upon La.R.S. 15:85(A)(l)(a), the notices of bond forfeiture judgments were required to be sent to American Bonding Company by certified mail, return receipt requested. The trial court disagreed and held that the Clerk of Court’s sending of notice of the bond forfeiture judgments by regular mail was sufficient to discharge his duty under the statute.
American Bonding Company appealed from the trial court’s decisions in these three cases. Since the cases are factually similar and present precisely the same issue for our consideration, this court consolidated the cases for purposes of appeal.
OPINION
These cases present strictly a question of law, to-wit: whether the law requires notice of bond forfeiture judgment to be sent to the surety by regular mail or certified mail, return receipt requested.
La.R.S. 15:85, which provides for the procedure necessary for the state to obtain the forfeiture of bonds, was substantively amended by act number 834, § 4 of 1993. The new version of the statute became effective on June 22,1993.[2] Because all the events pertinent to this case occurred prior to that date, we must decide this case based on the former version of the statute. It provided, in pertinent part, as follows:
|6§ 85. Forfeiture before district court; procedure
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except *369 at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 387, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) “Notice to the defendant,” for the purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety. (Emphasis ours.)
The statute in subparagraph (a) refers to two notices, the first being notice of the appearance date and the second being notice of the bond forfeiture judgment. It is crucial to recognize that, insofar as notice of the appearance date is concerned, this statute is not controlling. The subject matter of La. R.S. 15:85 is the procedure required to forfeit a bond on or after the appearance date, i.e., after the notice of appearance date was sent. The requirements for notice of the appearance date are ^exclusively the province of La.Code Crim.P. art. 337, as referenced in this statute. That article provides as follows:
Art. 337. Notice to surety of time and place of appearance
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.
Under Article 337, the defendant himself is not required to be given notice of the appearance date. It is the surety or an agent or bondsman of the surety that is to receive notice either by personal delivery by a court-designated officer or by regular mail.
La.R.S. 15:85(A)(l)(b) defines “notice to the defendant, for purposes of this Section,” i.e., section 85(A). Subparagraph (l)(b) was added to the statute by act number 520 § 1 of 1990. American Bonding Company contends that subparagraph (l)(b) requires notice to the surety of the forfeiture by certified mail, return receipt requested. Because of the state’s failure to do so within six months of the forfeitures, American Bonding Company urges that it should be released from its obligations under the bonds. The state, on the other hand, argues that subpar-agraph (l)(b) refers only to the first notice mentioned in subparagraph (l)(a), “notice or attempted notice |gto the defendant and the *370 surety” (of the appearance date). The state’s position is that the surety in fact did receive notice of the appearance dates in these cases by certified mail, return receipt requested and that, under the wording of subparagraph (l)(a), the state was not required to send notice of the bond forfeitures to the surety by certified mail, return receipt requested.
In State v. Williams, 26024 (La.App. 2 Cir. 8/17/94), 641 So.2d 1050, writ denied, 94-2353 (La. 11/18/94), 646 So.2d 389, the second circuit was faced with the precise issue and a similar factual scenario as is now before this court. It reasoned that La.R.S. 15:85(A) contemplates two types of notice: notice of appearance date and notice of judgment of forfeiture. The court concluded that “[T]he statute simply does not require notice of forfeiture to be sent to the defendant’s surety by certified mail, return receipt requested.” Id. at p. 3, 641 So.2d at 1052.
With all due respect to the second circuit, we disagree with their analysis and conclusion for the following reasons. To say this statute is inartfully drafted, insofar as the applicability of subparagraph (l)(b) is concerned, is indeed an understatement. We disagree with the second circuit’s opinion in that we do not interpret La.R.S. 15:85(A) to contemplate two types of notice. It does indeed mention two types of notice, but only controls the notice of judgment of forfeiture, which is the subject matter of the statute. The other type of notice, of the appearance date, is only mentioned with reference to La.Code Crim.P. art. 337, which exclusively controls the formalities required of that notice.
The first sentence of subparagraph (l)(a) is poorly worded. However, when read in its entirety in context with the rest of the statute, it is apparent that the “notice or attempted notice to the defendant and the surety” (of the appearance date) is included therein as part of an evidentiary burden of proof placed on the state which Lit is required to meet to prove its entitlement to a judgment of forfeiture. In other words, to obtain a judgment of forfeiture, La.R.S. 15:85(A)(l)(a) requires proof that the state complied with La.Code Crim.P. art. 337 in notifying the defendant and the surety of the appearance date. The evidentiary nature of this reference to notice of the appearance date is apparent in the following language: “... the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment_” (Emphasis ours.)
We are required to interpret a statute in a manner which, if possible, will give meaning to the entirety of the statute. As mentioned, the subject matter of La.R.S. 15:85 is the procedure for forfeiture of bonds before the district court. Therefore, it is logical to conclude that subparagraph (l)(b), which defines “notice to the defendant” for purposes of section 85(A), applies only to notice of the judgment of forfeiture. The limiting phrase contained in subparagraph (l)(b), “for purposes of this Section,” necessarily restricts the definition of notice provided to notice for purposes of forfeiture judgments. To have purpose and meaning, sub-paragraph (l)(b) must apply to notice of the judgment of forfeiture.
The statute in question, La.R.S. 15:85(A), is perplexing because subparagraph (l)(a) does not require notice of forfeiture to the surety by certified mail, return receipt requested, but subparagraph (l)(b) does require such notice to the surety to be by certified mail, return receipt requested. For purposes of clarity, the legislature should have simply amended subparagraph (l)(a) instead of imposing an inconsistent [with sub-paragraph (l)(a) ] definition of notice in sub-paragraph (l)(b).
Bond forfeitures are not favored, and the state is required to strictly comply with La.R.S. 15:85 before a judgment of bond forfeiture may be entered. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Landfair, 626 So.2d 401 (La.App. 4 Cir. 1993), reversed on other grounds, 93-2815 (La. 1/28/94), 630 So.2d 1310. The state, in this case, failed to send notice of the forfeiture to the surety by certified mail, return receipt requested. The state’s failure to *371 comply with such notice requirements within six months of the entry of forfeiture relieves the surety, American Bonding Company, from all obligations under the bonds.
DECREE
For these reasons, the judgment of the trial court is reversed. We hereby render judgment in favor of American Bonding Company and against the State of Louisiana, declaring the bond forfeiture judgments in these three consolidated cases as void ab initio. American Bonding Company is released from all obligations under the bonds in these eases.
All costs of these proceedings are assessed to the State of Louisiana. In State v. Esthay, 94-1557, the state is to pay $382.00. In State v. Rosette, 94-1565 and 94-1566, the state is to pay $511.80.
REVERSED AND RENDERED.

. The present version of La.R.S. 15:85(A)(1) requires the clerks of court to send notices of bond forfeiture judgments by "United States’ certified mail with return receipts” to the defendant, the personal sureties, the commercial sureties, and the agent or bondsman of the commercial sureties.