899 So.2d 626 (2005)
Charles JOHNSON.
v.
Freddie HENDERSON and Imperial Fire and Casualty Insurance Company.
No. 2004-CA-1723.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 2005.
James Maher, III, New Orleans, LA, for Plaintiff/Appellee.
Paul D. Oberle, Jr., Richie & Richie & Oberle, L.L.P., Shreveport, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., and Judge DAVID S. GORBATY).
DENNIS R. BAGNERIS, SR., Judge.
Defendant, Imperial Fire and Casualty Insurance Company ("Imperial Insurance"), seeks review of the trial court's judgment holding that the "no pay, no play" provision in La. R.S. 32:866 does not apply in this case. For the following reasons, we affirm.

FACTS
This case arises from a motor vehicle accident that occurred on October 3, 2002, on Chef Menteur Boulevard in New Orleans, Louisiana. Plaintiff, Charles Johnson ("Mr. Johnson") was operating a vehicle co-owned by Atland Washington and Schwanda Washington, when the defendant, Freddie Henderson, failed to yield and collided with the driver's side of Mr. Johnson's vehicle. Mr. Henderson was insured by a policy of motor vehicle liability insurance issued by Imperial Insurance.
*627 Mr. Johnson filed a petition for damages, alleging that the cause of the accident was Mr. Henderson's negligence. Mr. Henderson and Imperial Insurance (collectively referred to as "Defendants") answered the suit and asserted an affirmative defense that, as Mr. Johnson was operating an uninsured vehicle at the time of the accident, they were statutorily entitled, under La. R.S. 32:866, to a $10,000.00 credit against any judgment for personal injuries awarded to him.
The matter came to trial on April 29, 2004. On May 11, 2004, the trial court rendered a judgment in favor of Mr. Johnson for $5,855.00, plus interest and costs, finding that the "no pay, no play" provision in La. R.S. 32:866 did not apply in this case. It is from this judgment that Imperial Insurance appeals.
On appeal, Imperial Insurance briefed three assignments of error, arguing: (1) the trial court erred as a matter of law in finding that the provisions of "no pay/no play could not be pled as an affirmative defense; (2) the trial court erred as a matter of law in finding that the provision of "no pay/no play" does not apply to a situation where an individual was operating an uninsured vehicle simply because said individual is not the owner of the vehicle; and (3) the trial court erred as a matter of law in finding that the provision of "no pay/no play" does not apply where an uninsured operator paid his premium to the owner of the vehicle, had an ostensibly valid insurance card, and had a reasonable belief he was insured even though he was not.

DISCUSSION
This case presents a res nova issue for our review. Louisiana Revised Statute 32:866(A)(1) limits the recovery of the owner or operator of an uninsured vehicle as follows:
A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
Further, Section B of the statute provides that "no pay, no play" is an affirmative defense. Specifically, La. R.S. 32:866(B) provides:
B. Each person who is involved in an accident in which the other motor vehicle was not covered by compulsory motor vehicle liability security and who is found to be liable for damages to the owner or operator of the other motor vehicle may assert as an affirmative defense the limitation of recovery provisions of Subsection A of this Section.
Here, pursuant to the provisions of La. R.S. 32:866(B), Defendants asserted the limitations of recovery set forth in La. R.S. 32:866(A)(1) as a defense. As such, the burden is on the Defendants, as the parties asserting the affirmative defense, to prove that defense by a preponderance of evidence. Allvend, Inc. v. Payphone Commissions Co., Inc., XXXX-XXXX, p. 6 (La. App. 4 Cir. 5/23/01), 804 So.2d 27, 30. Accordingly, Defendants had to show that Mr. Johnson lacked insurance coverage on the vehicle he was driving at the time of the accident. See also Henderson v. Geico General Ins. Co., 36,696 (La.App. 2 Cir. 1/29/03), 837 So.2d 736.
At trial, Mr. Johnson introduced as evidence an insurance card, which reflected that State Farm had in fact insured the vehicle he was driving from May 13, 2002 until November 13, 2002. Further, *628 Mr. Johnson, along with the co-owners of the vehicle, all testified that at the time of the accident, they were under the impression that the State Farm policy was in effect.
Defendants had the burden of proving that the State Farm insurance policy had been cancelled prior to the date of the accident, which was on October 3, 2002. In the context of an insurer seeking to prove that a policy has been cancelled, the standard of proof is set out in the insurance statutes. Specifically, La. R.S. 22:636.1 provides, in part:
B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
* * *
D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to nonrenewal.
We have examined the record in this matter to evaluate whether a preponderance of evidence supports Defendants' assertion of this affirmative defense. However, we find no proof in the record that shows State Farm attempted to cancel or did in fact cancel its insurance coverage on the vehicle being driven by Mr. Johnson prior to the accident. Therefore, we find that Defendants failed to meet their burden of proving the affirmative defense that Mr. Johnson was uninsured under La. R.S. 32:866; and, therefore, we hold that coverage existed under the State Farm policy at the time of the accident.
It is also worth noting at this time that this Court reviews judgments not "reasons for judgment." Succession of Velasquez-Bain, 471 So.2d 731, 751 (La. App. 4 Cir.1985). Thus on appeal, this Court examines the result of that judgment, not the reason why the trial court reached that result. Accordingly, where this Court believes that the trial court reached the proper result, the judgment will be affirmed. Id. For the foregoing reasons, the judgment of the trial court, finding in favor of Mr. Johnson for $5,855.00, is affirmed.
AFFIRMED.