# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-488


**RANGER INSURANCE COMPANY**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-6669
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Ezell, Judge, dissents with written reasons.**

**David F. Hutchins**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA   70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State  of Louisiana**

**Graymond F. Martin**
**Halpern & Martin, LLC**
**3900 N. Causeway Blvd.,**
**One Lakeway Center, Suite 605**
**Metairie, LA   70002**
**(504) 835-6705**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ranger Insurance Company**

AMY, Judge.

The judgment in this consolidated matter is affirmed. *See also Ranger Insurance Company v. State of Louisiana,* 06-487 (La.App. 3 Cir. _/_/06), _ So.2d _. All costs of this appeal are assigned to the appellant, Ranger Insurance Company.

**AFFIRMED.**

RANGER INSURANCE COMPANY

VERSUS

STATE OF LOUISIANA, ET AL


EZELL, J. dissenting.


I respectfully disagree with the majority in this matter. Not only would I address Ranger's assignment of error concerning notice in the *Zamora* judgment, but I would also reverse the trial court's judgment finding the commissioner of the Fifteenth Judicial District Court had authority to sign both the *Zamora* and the *McClendon* bond forfeiture judgments.

Although Ranger succeeded in having the *Zamora* judgment nullified, it asks this court to address its alternative contention that the procedural requirements of La.R.S. 15:85 were not met as notice of the forfeiture was allegedly not mailed within a sixty-day window. A finding that the procedural requirements were not met would release the surety of any and all obligations under the bond. La.R.S. 15:85(3). The majority recognizes that neither the trial court's reasons nor its judgment touches upon this issue. Citing La.Code Civ.P. art. 2082, the majority declines to address the merits of the argument. I would address the merits of this issue because it was presented to the trial court and is raised on appeal as an assignment of error.

However, I find that the evidence in the record indicates that there is no merit to this argument which is probably why it was not addressed by the trial court. Silence on an issue raised in the trial court is considered a rejection of that issue. *Mitchell Co. v. Mucavil, Inc.*, 02-381 (La.App. 3 Cir. 10/1/03), 855 So.2d 426.

On February 18, 2003, Zamora failed to appear for a hearing. It was noted that Zamora had failed to appear at a previous hearing and a fugitive warrant and bond forfeiture was in effect. However, no judgment of bond forfeiture had been

signed. It was not until after this hearing that a judgment of bond forfeiture was signed on March 19, 2003. Notice to the parties was mailed within sixty days of the date of the February 18 hearing. Ranger tries to assert that notice should have been mailed within sixty days of November 19, 2002, when Zamora first failed to appear. However, the judgment of bond forfeiture was based on Zamora's failure to appear at the February 18 hearing. As this court held in *State v. Breaux*, 94-1553, 94-1562, (La.App. 3 Cir. 5/31/95), 657 So.2d 371, the State's notice of nonappearance could be sent to the appearance bond surety within sixty days after date the of nonappearance upon which the bail bond forfeiture judgment was based and was not required to be sent within sixty days from when defendants first failed to appear for trial. Therefore, I find that the evidence indicates that notice was timely.

Regarding the signing of the bond forfeiture judgments by the court commissioner in both cases, La.R.S. 15:85(2) provides that "the court shall sign a written judgment of bond forfeiture." In this case the commissioner for the Fifteenth Judicial District Court signed both judgments of bond forfeiture. The position of commissioner was created by La.R.S. 13:714. Regarding the commissioner's authority, La.R.S. 13:716(A)(emphasis supplied) provides that:

> The commissioner of the Fifteenth Judicial District Court shall perform such duties as are assigned by the chief judge of the district in accordance with rules which shall be prescribed by the elected judges of the court, **not inconsistent herewith or with the constitution and laws of the state**.

Louisiana Revised Statutes 13:716(B)(4)(a)(emphasis supplied) further provides:

> In civil cases, the commissioner may be designated and assigned to conduct hearings, including evidentiary hearings, and trials, except motions for injunctive relief and temporary restraining orders. In furtherance of the above, civil trials and hearings by the commissioner shall be governed by the following rules:

> The commissioner may conduct any or all proceedings on any matter pending before the court and order the entry of judgment in any case where the parties consent to the matter being heard and adjudicated by the commissioner. **Each judgment so entered shall be signed by a judge of the district**. The clerk of court, at the time the action is filed, shall notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk. An aggrieved party may appeal a judgment of the commissioner rendered pursuant to the authority of

this Subsection in the same manner as an appeal from any other judgment of a district court.

The majority cites the Louisiana Supreme Court case of *State v. O'Reilly*, 00-2864, 00-2865 (La. 5/15/01), 785 So.2d 768, which discusses the application of the *de facto* official doctrine. The supreme court in *O'Reilly*, 785 So.2d at 777( *quoting Ryder v. United States*, 515 U.S. 177, 180, 115 S.Ct. 2031, 2034 (1995) (internal citations omitted)), explained the application of the doctrine as follows:

> The *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient. The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly functioning of the government despite technical defects in title to office.

In this case we are not dealing with a *de facto* officer. The commissioner is a validly appointed position under state law. There is no argument about the constitutionality of the commissioner to act. The law simply does not provide the commissioner with the authority to sign judgments. There is no provision in the law giving the commissioner authority to sign the judgment. It is just the opposite. Aside from La.Code Civ.P. art. 1911 providing that every final judgment shall be signed by a judgment, La.R.S. 13:716 specifically provides that a judge of the district court shall sign a civil judgment. The commissioner has the no authority to sign judgments under the law. Simply put, the commissioner exceeded the authority conferred on him by law.

In *Bankers Ins. Co. v. State*, 32,460 (La.App. 2 Cir. 10/27/99), 743 So.2d 870, the second circuit recognized that a judgment of bond forfeiture must be signed by the judge who ordered the judgment. As noted by La.R.S. 15:85(1), it is the **judge**, not the commissioner, who orders the judgment of bond forfeiture. While La.R.S. 13:716 gives the commissioner the authority to hold hearings and order the entry of judgment when the parties consent, the judge must still sign the judgment.

I also do not find that the local rules of the Fifteenth Judicial District Court confer any authority upon the commissioner to sign judgments. Local Rules for the Fifteenth Judicial District Court Parish of Lafayette provide that the commissioner can sign "forfeiture motions." It does not provide that he can sign forfeiture judgments.

I think it is clear that the commissioner exceeded his authority in signing the judgments of bond forfeiture. In *Bankers*, 743 So.2d 870, the second circuit found that a judgment of bond forfeiture signed by a judge other than the one who ordered the judgment was a relative nullity pursuant to La.Code Civ.P. art 2004. The second circuit noted that the term "ill practice" was not limited to cases of actual fraud or wrongdoing, but broadly defined to encompass all situations in which a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. The second circuit further noted that a judgment will be annulled for ill practices only when the circumstances under which it was rendered show the deprivation of legal rights of the litigant who seeks relief, and when enforcement of the judgment would be unconscionable and inequitable.

In the present cases the absence of a judge signing the judgment of bond forfeiture is a fatal defect. There have been cases in which the judge who signed the judgment was not the judge who heard the case. Cases have held this is a fatal defect and remanded the case to the trial court to issue a proper and valid judgment once the present judgment is annulled. *See Employers Nat. Ins. Co. v. Workers' Comp. Second Injury Bd.*, 95-1756 (La.App. 1 Cir. 4/4/96), 672 So.2d 309; and *Louisiana Paving Co., Inc. v. St. Charles Parish Pub. Schs.*, 593 So.2d 892 (La.App. 5 Cir. 1992). In this case, the fact that the commissioner signed the judgment and had no authority is a deprivation of legal rights that Ranger is entitled to under La.R.S. 15:85, enforcement of which would be unconscionable and inequitable. Therefore, I find that the judgments should be annulled and the case remanded for the issuance of a valid judgment.

I also note that the majority states that Ranger's assignment of error lacks merit because Ranger did not raise the issue of whether the commissioner acted permissibly. I respectfully disagree as I find that this is precisely the issue that Ranger has raised.